All right, the next matter before the court is People v. Christopher Stewart. Ms. Curry is trying to figure out the writing. Ms. Curry. Good afternoon, members. I'm Sarah Curry from the Office of the State Appellate Defender, First District, representing Christopher Stewart. We're here today on appeal from the denial of Christopher Stewart's timely filed motion to withdraw his guilty plea. Mr. Stewart acknowledges that there's no absolute right to withdraw a guilty plea. However, leave to withdraw a guilty plea should be granted if it appears, one, the plea was entered with a misapprehension of the facts or law, two, there is doubt as to the guilt of the accused, three, the accused has a meritorious defense, or four, if the ends of justice will better be served by submitting the case to a jury. Stewart does not have to show a constitutional violation. He doesn't have to show that his plea was not knowing or voluntary. He doesn't have to show that the judgment was void. He simply has to show, because he filed the timely motion to withdraw his guilty plea, that one of the four aforementioned factors is present. In this case, three of those factors are present. First, there is doubt as to Stewart's guilt, and he has a meritorious defense. Stewart was charged with the aggravated battery of Cody Klein, his aunt's boyfriend, both gentlemen being 20 years old. Before he pled guilty, defense counsel informed the court that Stewart had told him he acted in self-defense. Stewart's attorney was pleading with him not to plead guilty because he had this meritorious defense. Defense counsel informed the court that Stewart's grandmother was a witness to the incident and also would testify that Stewart acted in self-defense. Stewart never abandoned his claim of self-defense. He only conceded to the court that he wasn't sure that it was going to go anywhere. He merely also acknowledged the factual basis presented by the state. He did not admit to the facts of his guilt. Furthermore, the ends of justice will be better served by submitting the case to a trial. At the time Stewart pled guilty, no preliminary hearings had been held, no discovery had been tendered. Defense counsel did not even have the police report. Stewart wasn't even sure why his battery charge was aggravated. The state also, at the same time as filing this charge, filed a misdemeanor domestic battery charge alleging from shoving. Obviously, the state's own case hadn't been fleshed out at this point, and we don't know what the state's true factual scenario was. At the time of his plea, he was 20 years old, he was a high school graduate, and he had no prior felonies. But he knew at the time of his plea that his own lawyer wanted him to wait and use the defense of self-defense, even though no discovery. I mean, the lawyer was aware, and when he began, the grandmother would testify. How could this be manifested in justice? Because he was a 20-year-old kid with no prior felonies, had never spent a night in jail, and he wanted to get out, and he had the opportunity. And he decided to take it. Against all legal advice, against reasonableness, he needed to get out of jail. But if his sentence is set aside, this is reversed, and then the state decides to go after him with all the charges they can and won't offer him a deal, he could spend more time in prison. After he pled guilty and he realized what he had done, and he wants to join the Army, he can't do that. His whole life has changed, and he did it because he wanted to get out of jail. He just panicked and pled guilty. And within 30 days, I mean, so many of these cases you come to, people are filing a post-conviction petition, and it's three years, five years later. Within 30 days, he realized he had made a mistake. He had a great defense. He had the ability to maybe beat this charge. He maybe could have negotiated further with the misdemeanor charge. He had spent 25 days in jail, and he wanted to get out, and that's all he could think about, and that clouded his judgment. And as soon as he realized what he had done and how that would change his life, he quickly changed his mind, and he's willing to go back to jail. He realizes that he has to face the consequences of the charge, and he will sit in jail and await a trial so that he can prove his innocence. And the trial court, interestingly, denied Stewart's motion because he wouldn't let him change his mind, which is not a basis to deny a motion to withdraw a guilty plea. As I mentioned previously, there are four reasons to deny a motion to withdraw a guilty plea, and the trial court said you just can't change your mind, which is not true. You can change your mind if you have a meritorious defense, if there's question as to your guilt, or if justice would be better served by presenting the case to trial. And so the basis for the judge's denial of the motion is not a basis in law. I want to briefly correct an error in my reply brief regarding the Marcato case. I mistakenly interpreted the case, but that case is still pertinent, and while you're not allowed to withdraw your guilty plea simply because you misjudged the state's evidence, you can withdraw your guilty plea if you believe that the state has evidence to prove you guilty and you plead on that fact. It's a very minor distinction. But in this case, Stewart didn't even know what the state's evidence was. They had no discovery. There was no preliminary hearing. He didn't know how his claim of self-defense stacked up to the state's case, and so it wasn't that he misjudged the evidence. It's that he believed based on the factual scenario that they had presented with no actual discovery that they would be able to prove him guilty without knowing how his self-defense claims stacked up to that. So where despite having a meritorious defense and there being the potential that he is not guilty of this charge, he pled guilty simply to get himself out of jail, and the equities land in his favor. This is one case where equities are something that you should consider, and the trial court therefore erred in denying him such a good job. Thank you. So why can't we just let him withdraw his guilty plea? Well, as the appellate counsel noticed, he has to have a reason for that. Can he just change his mind? That's not a reason. What defense counsel said was he can just change his mind if he has a meritorious self-defense. This was a verbal altercation of argument. The defendant picked up a knife. When he is the one that takes the argument from verbal to physical, he cannot claim self-defense. There's absolutely no way that he has a defense worth consideration because using deadly force is justified only when a person reasonably believes that such force is necessary to prevent imminent death or severe bodily harm. Arguing with someone does not present any of that, and the fight only escalated when the defendant armed himself, and that makes him the aggressor. He does not have a defense worthy of consideration. Really, that in and of itself is enough to affirm this case. I would note that counsel for the defendant says that the state's factual basis does not preclude a claim of self-defense, and that's simply not true because the factual basis says, and here I'm quoting from the record, there was a verbal altercation between this defendant and Cody Clines. At some point, the argument escalated when the defendant armed himself with a knife, a bread knife, about 12 inches long, laid on a bread knife, swiped it at the victim, causing a cut on the top of the victim's left hand. That certainly precludes a claim of self-defense. So he does not have a defense worthy of consideration, and you know, it's always, at least to me, sort of difficult to look at these, if there's doubt of the guilt of the accused, and if there's a meritorious defense, frequently kind of meld together because there would be doubt of his guilt if he had a meritorious defense. There would be doubt of his guilt if he could successfully argue self-defense. But the only reason the defendant sets forth that there's doubt of his guilt, well, primarily is this defense of self-defense. The other reason is his claim that his grandmother was an objective eyewitness, and to call your grandma an objective eyewitness, to say whether her grandson did this or whether a man that is described as the defendant's aunt's ex-boyfriend,  she certainly, I know, I'm drunk. Pardon me? You lost me on that. The victim in this case was the defendant's aunt's ex-boyfriend. Okay? So the defendant's aunt was probably his grandmother's daughter. In any case, I know. But it doesn't matter. Regardless. Regardless. Regardless. Okay. Let's use a Southern Illinois term, their kin. Yeah, good. We all get that. Their kin. And, I mean, I cite some case law in my brief, but it's just common sense that you're inclined to side with family members against family members. So to say that she's objective, and especially to say that she's objective and the defendant's not, I mean, if ever there was a textbook explanation of the plea, it was this case. It's so clear. And trial court took time to deal with these potentially problematic issues at the time. It's so clear that he remembered everything he did. The fact that he doesn't know why the battery is aggravated is not the egregious problem that the defendant seems to believe it is. That's kind of a technical thing that a lawyer is more likely to understand than a layman. He knew the penalty. He knew that his attorney hadn't received the discovery and therefore didn't know the extent of the evidence against him. One thing I want to make clear, the defense counsel says why did he plead guilty? Because he just wanted to get out of jail. That's absolutely not what the defendant said. The trial court noted to the defendant that if he pled guilty, he would get probation and he'd be released from jail, and the court says that it assumes that that's a strong incentive for the plea, and the defendant says no. That has no effect on his decision. So the defendant could not have been clearer that he was not pleading guilty just so that he could walk out of jail. That's something that is argued in the brief and argued before this court today. It's simply not supported by the record. The defendant understood. He had a clear understanding of self-defense, and he defined it. When I have fear for myself and protect myself. Pretty good definition of self-defense. And he understood that if he pled guilty, he wouldn't be able to raise that claim of self-defense. And when the trial court says, I assume you're pleading guilty because you want to get out of jail, and he says, no, that's not why. And the judge says, well, why do you want to plead guilty? And he said he wanted to plead guilty because he did not see the defense of self-defense going anywhere. That's pretty reasonable. I don't think it takes a lawyer to know that if you're having a verbal argument with someone and you pick up a knife and cut the other person, you can't claim self-defense. So I think when he says he didn't see the defense of self-defense going anywhere, that was pretty reasonable. I mean, he may have had his grandmother saying, oh, it wasn't your fault, honey. And he may have had his attorney saying, well, I don't know whether the discovery might establish self-defense. But the defendant knew what happened that day. And he has a common sense, realistic understanding of what self-defense is, and he knows if you're having a verbal argument and you pick up a knife and cut someone, you can't claim self-defense. He said he did not see the defense of self-defense going anywhere. That makes sense. The defendant has failed to establish any of the criteria necessary to claim self-defense. Thank you. Counsel? You mentioned that the defendant was 20 years of age. Was he also a high school graduate? He was a high school graduate. And I have a different theory about the court's admonishments. I concede those admonishments were about the most thorough admonishments I've ever seen. And I think it's because the court knew that he had a self-defense claim. He knew that this kid was just pleading guilty to get out of jail, and he wanted to cover his tracks to make sure that these admonishments were thorough. Really, if you are pleading guilty, knowing you have a self-defense claim, but you really just want to get out of jail, you're not going to tell the judge, yeah, judge, I'm only pleading guilty because I want to get out of jail, because then maybe the judge won't accept your guilty plea and you're right back in jail. So I don't think that the fact that these admonishments were so thorough and Stewart was so willing to answer the court's questions as the court wanted, I don't think that that says that much. And I think that goes further. And when they came back on the hearing for the motion to withdraw a guilty plea, the judge said, you know what, I admonished you so thoroughly, I'm not going to let you change your mind. But that's not a basis. That's not a basis. And I think that the judge knew back then that this kid did have a self-defense claim, that he shouldn't have pled guilty, he should have listened to his attorney, and he was panicking. And, you know, defense counsel can say what she wants about his self-defense claim or whatever, but she can't touch on anything about the equities of this case, and that's what this really boils down to. This kid screwed up and he immediately realized his mistake. He has a self-defense claim. His attorney said so, on the record, both at the guilty plea and at the hearing on the motion to withdraw. And had the judge maybe said, I'm not allowing this motion to withdraw because I don't believe in your self-defense claim, he might have called witnesses. And so that's another option that this court has, send him back for a more thorough hearing on the motion to withdraw a guilty plea. But the equities speak to sending this back. Stewart made a mistake. He's a 20-year-old kid. This was a small cut, according to the state's facts, a small cut on the hand of the butternut in a domestic dispute, which also had a misdemeanor charge alleging only shoving. There are factual questions that are present in this case that demand to go back to give this kid another chance. Thank you. Thank you. Okay, this matter will be taken under advisement. The hearing will resume at 4 p.m.